## TRI-STATE BAKING CO, INC v HITES

Ohio Appeals, 9th Dist, Summit Co

No 2091. Decided April 20, 1933

Musser, Kimber & Huffman, Akron, for plaintiff in error.
Kroeger & Van Buskirk, Akron, for defendant in error.

**PER CURIAM**

We deem it unprofitable to recite the facts in this action, but we would briefly consider two of the grounds of error relied upon.

We see no merit in the contention that the baking company's employee, Weirick, had not as yet engaged in his daily employment. The record shows that his day's work usually ended in the vicinity of his home in Cuyahoga Falls, and that he usually had in his possession collected moneys due his company. It would have been impracticable and unprofitable for the baking company to have required its bread truck to be delivered to its establishment five miles away each day, and it was for the interest of the company to leave the truck in the possession of its agent, Weirick, at the beginning of the day. The course of conduct shows that, in his morning's return to the baking company plant, he was within the course and scope of his employment.

And now considering whether or not the agent, Weirick, departed from the course of this employment in turning back and directly away from the company plant, in search of an overshoe which was the exclusive property of Weirick, we conclude that such action was in fact a departure from the company's business. The company gained no profit by the agent's act in so doing, nor could it be said that such an event was naturally to be expected—that is, that its agent would be careless and negligent in caring for his own property, and that he would have to retrace his steps at the company's expense and risk. If he could have gone back 300 to 400 feet or more, he could have gone as many miles. We believe it was a departure and that the case of **Lima Railway Co. v Little, 67 Oh St 91** is decisive of the question presented. The case of **Stewart v Whitford, 22 O.C.C.**

(N.S.) 585, is likewise helpful.

In view of our conclusion on the second ground, as herein announced, we do not deem it necessary to consider the matter of the claimed error in the court's charge.

It appearing from the record that the facts concerning the departure are not in conflict and are conceded to be true, we do now enter the judgment in this cause that the trial court should have entered. Final judgment is therefore found in favor of the Tri-State Baking Company, and the judgment as entered by the court below is reversed.

Exceptions may be noted.

SHERICK, J (5th Dist, sitting by designation in place of WASHBURN, PJ), FUNK and STEVENS, JJ, concur in judgment.